# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAUL WAYNE MERRITT,

    Petitioner,

v.                                         CASE NO: 8:11-cv-2501-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents,
_____/

## ORDER

    Merritt, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1) filed on January 18, 2011, and transferred from the Southern District to this Court on November 3, 2011. The Court has considered the petition, the Respondents' response (Dkt. #25) filed on January 4, 2012, and Merritt's reply (Dkt. #27) filed on February 9, 2012. Upon review, the Court determines that the petition must be denied because the claims of unconstitutional detention are without merit.

## Background

    Petitioner, Paul Wayne Merritt, (hereinafter referred to as "Merritt" or "Petitioner") was convicted of Murder in the Second Degree with a Firearm in St. Lucie County, Florida and was sentenced to Life in state prison with a 3 year minimum mandatory. On May 21,

1991, Merritt was released from prison to parole supervision subject to conditions of parole for Life.

On August 20, 1999, the Parole Commission issued a warrant for Merritt's arrest for violation of a condition of his release, charging him with commission of a domestic battery on August 2, 1999. After the revocation hearing, the Parole Commission entered its Order on March 1, 2000, revoking Merritt's parole. Merritt successfully appealed and his revocation was vacated. Merritt was restored to supervision by Order dated April 5, 2005.

A Warrant for Retaking Parole Releasee was issued on September 6, 2007, alleging Merritt had violated Special Condition 8(d) by failing to promptly and truthfully answer all questions and follow all instructions asked or given to him by his Parole Officer. The charge was that on August 20, 2007, Merritt was instructed by Parole Officer Dawn Marie Peter to report to his Office of Supervision on August 21, 2007, at 8:00 A.M., for urinalysis testing. He failed to do so. And the state alleged Merritt violated Special Condition 11 on August 21, 2007, which states: "During the term of my parole, I agree to submit to and pay for urinalysis testing to identify drug usage and understand that my failure to make such payment or participate as defined under this condition of my parole may be considered grounds for revocation by the Florida Parole Commission."

Merritt's preliminary hearing was held on October 5, 2007. The examiner recommended remand for a final hearing. A final parole revocation hearing was held on November 3, 2007, at the South Florida Reception Center. The Hearing Examiner found Merritt guilty of willfully violating substantial conditions of supervision and recommended revocation. The Hearing Examiner relied on testimony from Dawn Marie Peter and Merritt

in making the determination of guilt. The Commission revoked Merritt's parole on December 19, 2007.

Merritt initially challenged the revocation of parole by filing his Petition for Writ of Habeas Corpus in the Florida Tenth Judicial Circuit Court on December 4, 2008. The Petition for Writ of Habeas Corpus was denied by the Circuit Court on April 30, 2009. On June 3, 2009, Merritt filed a Petition for a Writ of Certiorari in the Florida District Court of Appeal for the Second District. This Petition was denied on the merits, per curiam, on December 23, 2009. *Merritt v. Sec'y, Dept. Of Corr.*, 27 So. 3d 34 (Fla. Dist. Ct. App. 2009). Rehearing was denied February 5, 2010.

On January 18, 2011, Merritt timely filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting four grounds for relief that he was unconstitutionally arrested without a warrant for violation of probation, his rights to due process and equal protection were violated, his parole revocation was arbitrary and capricious and based on two conditions that were "not charged."

### Standard of Review

Since this petition was filed after April 24, 1996, it is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Penry v. Johnson*, 532 US 782, 792, 121 S.Ct. 1910, 150L.Ed.2d 9 (2001). Relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication either resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

the decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Prince v. Vincent*, 538 US 634, 123 S.Ct. 1848, 1852-53, 155 L.Ed.2d 877 (2003); *Clark v. Crosby*, 335 F. 3d 1303, 1308 (11th Cir. 2003); *Harrell v. Butterworth*, 251 F. 3d 926, 930 (11th Cir. 2001). This court must also presume that the State court's decision is correct and Merritt bears the burden of rebutting that presumption of correctness. 28 U.S.C. § 2254(e)(1).

**Ground 1:** **Petitioner was unconstitutionally arrested without a warrant for violation of probation.**

Merritt states he was arrested without a warrant for violation of probation. Merritt claims this violated probation statute §948.06, Fla. Stat.. But Merritt was on parole under the jurisdiction of the Commission and not on probation.

The correct statute governing Merritt's arrest is § 947.22, Fla. Stat., which states: "Any parole and probation officer, when she or he has reasonable ground to believe that a parolee, control releasee, or conditional releasee has violated the terms and conditions of her or his parole, control release, or conditional release in a material respect, has the right to arrest the releasee or parolee without warrant."

The violation report indicates that the officer personally instructed Merritt on August 20, 2007, to report for a urinalysis on August 21, 2007, and he failed to appear. Merritt violated two conditions of his parole, failing to follow the instructions of his parole officer and submitting to urinalysis testing. These occurrences gave the officer reasonable cause to

believe that Merritt violated a condition of his parole. Therefore, Merritt's arrest without a warrant was authorized by state statute. This claim is without merit.

**Ground 2:** **The Florida Parole Commission failed to disclose evidence necessary for Petitioner's defense for violation of parole.**

Merritt claims that the state court failed to provide meaningful review and the Florida Parole Commission improperly concealed the Department of Corrections Probation and Parole Field Service notes and comments. Merritt also claims that evidence of his prior negative drug tests should have been admitted into evidence.

Merritt's claim that evidence was withheld is not supported by the record. The violation of parole was for failure to report as instructed for a random urinalysis, not for a positive urinalysis. Thus evidence of his prior negative drug tests are immaterial. And Merritt does not identify any information in the field service notes that would have made a difference in the proceeding.

The warrant and the violation report were admitted into evidence against Merritt, along with the parole officer's testimony. They were also reported as admitted into evidence at Merritt's preliminary hearing. Merritt made no objections to not receiving all evidence against him. No procedural or legal arguments were noted at the final hearing. *See Thomas v. State*, 424 So.2d 193, 194 (Fla. 5th DCA 1983) (holding that where no objection is made to an alleged error, the alleged error is not preserved for review). Therefore, this claim is without merit.

If Merritt's complaint is that his hearing violated his due process rights, that claim also fails. Under federal law, the process due to a parolee is only "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole." *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

On September 14, 2007, Merritt received a Notice of Rights and Notice of Preliminary Hearing showing the nature of the alleged violations. On November 15, 2007, Merritt received notices for his final hearing. Both of these notices satisfy the requirements in *Morrissey*, because they listed the nature of the allegations against him and were given well before the final hearing on November 30, 2007.

**Ground 3:** **The decision to revoke parole was arbitrary and capricious and not based on or supported by credible evidence.**

In support of Ground 3, Merritt asserts no evidence was admitted to support the revocation of his parole. He argues the Florida Parole Commission relied solely on the inconsistent statements by Parole Officer Peter, and withheld case notes and worksheets that show Merritt was not instructed to report for drug testing on August 20, 2007.

Contrary to Merritt's contention, there was evidence to support the decision. The record indicates that the parole officer testified that on August 20, 2007, she instructed Merritt to report for testing on August 21, 2007. In a revocation proceeding, the releasee's rights are much more limited than that of a criminal defendant. *Morrissey v. Brewer*, 408 U.S. 471, 483, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The release of a parolee before the end of his sentence poses a risk that he may not be able to live in society without committing further antisocial acts. *Id.* The State has an interest in being able to return an individual to prison that has failed to abide by the conditions of his parole without the burden of a new adversary criminal trial. *Id.*

Further, "revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependant on observance of special parole restrictions." *Id.* at 480. The fact finder is not required to follow strict rules of evidence and can consider material that would generally not be admissible in a trial. *Singletary v. State*, 290 So.2d 116, 121 (Fla. 4th DCA 1974).

The hearing examiner has the authority to select one party's testimony over another party. *D.M.L. v. State*, 773 So.2d 1216, 1217 (Fla. 3d DCA 2000). The hearing examiner's function is to resolve any conflicts in the evidence and determine the credibility of the witnesses. *Id.* The parole officer's direct testimony is competent substantial evidence adequate to support a violation of parole. *Vanstraten v. State of Florida*, 901 So.2d 391 (Fla. 1st DCA 2005).

Therefore, the revocation was based on sufficient evidence. This claim lacks merit.

**Ground 4: Parole was revoked on two conditions that were "not charged."**

Merritt claims his parole was revoked for violations of conditions 8(d) and 11 with which he was not charged.

The record demonstrates that Merritt's claim is without merit. The violation report indicates that the violation occurred when Merritt failed to report on August 21, 2007, for a random drug test ordered by his parole officer. Further, Merritt was put on notice for this violation, had a preliminary hearing, and had a final hearing regarding the matter. With the notice and hearings, Merritt received all due process required. *Morrissey* 408 U.S. at 483.

## **CONCLUSION**

Merritt has not met his burden and did not show that the state court adjudication either resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or that the state court decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. #1) is DENIED.

2. The Clerk is directed to enter in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 3 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2012.

Copies furnished to:
Counsel/Parties of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

F:\Docs\2011\11-cv-2501.deny 2254.wpd